861 F.2d 1290
 274 U.S.App.D.C. 95
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Henry Edgar JOHNSON, Appellant.
 No. 88-3041.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 17, 1988.
 
 Before WALD, Chief Judge, STARR and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on appeal from the United States District Court for the District of Columbia. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED, by the Court, that the defendant-appellant Johnson's conviction and sentence, of March 24, 1988 for receiving child pornography in the mails in violation of 18 U.S.C. Sec. 2252(a)(2), be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 Appellant Henry Johnson was convicted of receiving child pornography in the mail in violation of 18 U.S.C. Sec. 2252(a)(2). He was sentenced to a period of imprisonment of twenty months to five years. The appellant argues that his conviction and sentence violate the eighth amendment. Johnson makes three distinct arguments: (1) he has been improperly convicted of the "status offense" of being a pedophile; (2) the specific act for which he is being prosecuted is the result of an irresistible compulsion; and (3) the sentence he received was in any event excessive. Each of these claims is without merit.
 
 I. Status Offense
 
 5
 Appellant cites Robinson v. California, 370 U.S. 660 (1962), in which the Supreme Court struck down a California statute which attached criminal penalties to the status of being a narcotics addict. Robinson, however, is not controlling here. Johnson was convicted, not for the status of being a pedophile--the desire or propensity to engage in certain sorts of acts--but for a particular course of conduct on a particular occasion. See United States v. Moore, 486 F.2d 1139 (D.C.Cir.), cert. denied, 414 U.S. 980 (1973).
 
 II. Irresistible Compulsion
 
 6
 In Moore, this court rejected the contention that a conviction for possession of heroin should be overturned on the ground that an addict's possession of narcotics is nonvolitional. In light of that decision, it seems to us quite unlikely that an eighth amendment claim could ever be established by a showing that a criminal defendant had acted under the influence of an irresistible compulsion. We need not resolve that question, however, since the appellant has failed to substantiate his claim that he was irresistibly compelled to commit the crime. Dr. Ratner, plaintiff's witness at trial, testified that "at any one time [a pedophile] can postpone, delay, or avoid but there is, I would have to say in his behalf, a pressure all of the time, a constant pressure, a desire to engage in this kind of behavior." App. at 23. The witness analogized the urges of a pedophile to heterosexual lust, see id. at 25, and nicotine addiction, see id. at 26. In our view this testimony does not support the conclusion that pedophilia gives rise to an irresistible compulsion.
 
 
 7
 Moreover, Dr. Ratner, who had apparently had only brief contact with the defendant, testified as to the characteristics of pedophiles generally, not as to Johnson's psychological makeup. That fact is particularly damaging given Dr. Ratner's concession that pedophiles vary widely in their ability to resist temptation: "[E]very other condition of addiction that I've known does have those who can take it or leave it and those who are really almost enslaved by it. So, I would say that the same has got to be true [of pedophiles]." App. at 28. Dr. Ratner's only basis for believing that Johnson might suffer from particularly acute impulses was the fact that Johnson had been "repeatedly incarcerated" in the past. See id. at 27. Appellant could hardly contend, however, that an individual can prove that his impulses are irresistible simply by showing that he has frequently failed to resist them.
 
 III. Excessive Sentence
 
 8
 Appellant also contends that the sentence imposed--twenty months to five years--is so disproportionate to the crime as to be violative of the Constitution. Even outside the context of capital punishment, the Supreme Court has held that "a criminal sentence must be proportionate to the crime for which the defendant has been convicted." Solem v. Helm, 463 U.S. 277, 290 (1983). The Court also cautioned, though, that "[r]eviewing courts ... should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." Id. Appellant's sentence is far short of the statutory maximum of ten years in prison and a $100,000 fine. See 18 U.S.C. Sec. 2252(b). Given the congressional determination that ten years is an acceptable sentence for this offense, and given the appellant's prior convictions for offenses involving child molestation, we do not believe that a sentence of twenty months to five years violates constitutional norms.
 
 
 9
 For the foregoing reasons, the appellant's conviction and sentence are affirmed.